R. I. Hospital Trust Co., Exr., *vs.* Town Council of War-
wick, *et al.*

JANUARY 27, 1909.

Present: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Legacy for Care of Burying Lot.   Refusal by Trustee to Accept.*

A legacy to a town council, to be held by it in perpetual trust to apply the income to the ornamenting and keeping in repair of testator's burying-ground, is a valid trust under the provisions of Gen. Laws cap. 40, § 35, but where successive town councils have declined to accept it, the court has neither

power to compel its acceptance nor to appoint a new trustee, but, the trust not being invalidated by such refusal, will permit the executor to pay the legacy into the registry of the court to enable the executor to settle its account and that opportunity may be afforded the town council, within a reasonable period, to accept the legacy.

BILL IN EQUITY, for instructions.

PER CURIAM.    This is a bill in equity, by the trust company, as executor of the will of Henry W. Greene, late of Warwick, for instructions.

The portions of the bill material to this inquiry read as follows:

"Your orator the Rhode Island Hospital Trust Company, a corporation created by the General Assembly of this State of Rhode Island and located and transacting business in the City of Providence therein, comes and shows to the Court:

"1.    That Henry Whitman Greene, late of the Town of Warwick in the County of Kent, died there on the twentieth day of January, 1897, leaving a last will and testament which has been duly admitted to probate and remains of record in the Court of Probate of said town of Warwick, and of which will your orator is the duly appointed and qualified executor; and a full copy of which will is hereto annexed and hereby referred to as a part of this bill of complaint as if fully embodied herein.

"2.    That in and by paragraph II of said will the said testator made the following bequest, to wit:

"'II.    I give and bequeath to the Town Council of said Warwick the sum of Five Hundred (500) dollars to be held by the said Town Council and their successors in office in perpetual trust, to apply the income of said sum to the ornamenting and keeping in repair of my said burying-ground forever.'

"But said Town Council after repeated offers from your orator to pay the said legacy to it, and repeated requests from your orator to it to receive and accept the said legacy, has declined and still does decline to accept the same.

"3.    That the widow of said testator has deceased; and your orator as executor of said will has paid all of said tes-

tator's debts and all of the other legacies of his said will except the legacy aforesaid to said Town Council, and is ready and anxious to render and settle with the Court of Probate its final account, but is unable to do so without the advice and instruction of this Court as to what disposition to make of said legacy so bequeathed to said Town Council or of the fund remaining in its possession representing the same."

After the entry of a decree that the complainant's bill be taken as confessed against each of the defendants, the cause, being ready for hearing for final decree, was certified to this court under the provisions of C. P. A. § 338.

As argued by counsel for complainant:

"This legacy is plainly a private as distinguished from a public or charitable trust, and but for Gen. Laws cap. 40, § 35—which reads as follows—' Such town councils may take and hold to them and their successors in office, all such lands within their respective towns, as shall be conveyed to them in trust for burial purposes, and, in like manner, may receive and hold all funds that shall be conveyed to them for the purpose of ornamenting or keeping in repair such burial lots or any other burial lots within their respective towns, and execute said trusts in accordance with the terms contained in the instruments of conveyance'—would be clearly void for perpetuity; and would fall into the residue and go to the residuary legatees or be distributed as intestate to the next of kin; and in this case it matters not which, as these are here the same parties defendant. *Kelly* v. *Nichols*, 17 R. I. 306; *Sherman* v. *Baker*, 20 R. I. 446.

"And the question, therefore, is, does the statute save it, so that the court can, by the appointment of a new trustee or in any other way, provide for its administration, the town council having persistently declined it, and there being, we assume, no power short of the General Assembly that can compel its acceptance, however obligatory would seem to be its duty, both towards the State and towards its town, to do so."

(1)    We are of the opinion that the statute does save it. But in the present condition of the law we have neither power to com-

pel the town council to accept said trust nor to appoint a new trustee to act in their place.

As the statute has made provision for such a perpetual trust, a testator has a right to avail himself of such provision by means of a legacy to a town council for such uses in his last will.

A valid trust having been created by the will, the fact that the trustee named has hitherto declined to act does not invalidate the trust. Furthermore, the fact that several successive town councils of the town of Warwick have heretofore declined to accept the said legacy does not preclude the possibility that the present or some future town council may accept said legacy and enter upon the performance of said trust. Considering this possibility, and the inability of the complainant to settle its account, we are of the opinion that the prayer of the complainant, viz.: " that your orator may be permitted to bring and pay the said sum of money, with such interest, if any, as the Court shall adjudge to be rightfully payable thereon or in respect thereof, into the registry of the Court," should be granted in order that the complainant may be permitted to settle its account and be relieved from further responsibility in respect to this fund, and that opportunity may be afforded to the Town Council of the Town of Warwick within a reasonable period of time, to accept said legacy, as trustee aforesaid.

The cause will be remanded to the Superior Court for entry of a decree in accordance with this opinion.

A draft decree may be presented for approval.

*Tillinghast and Tillinghast,* for complainant.

